1
2
3
4
5
6
7
8
9
10

FILED

JAN 27 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  | CLARENCE L. HEARNS,               )   No. C 14-4482 LHK (PR)
    |                                  )
12  |             Plaintiff,            )   ORDER DISMISSING CASE
    |                                  )   WITH LEAVE TO AMEND
13  | v.                               )
    |                                  )
14  | A. HEDGPETH, et al.,             )
    |                                  )
15  |             Defendants.          )
    |_____)
16

17          Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint

18  pursuant to 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a

19  separate order.  For the reasons stated below, the court dismisses the complaint with leave to

20  amend.

21                                  **DISCUSSION**

22  A.     Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

26  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

28  1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Hearns482dwla.wpd

1 | *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 | (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 | the alleged deprivation was committed by a person acting under the color of state law. *West v.*
5 | *Atkins*, 487 U.S. 42, 48 (1988).

6 | B.    Plaintiff's Claims

7 |     According to the complaint, in May 2010, plaintiff had filed a state habeas petition
8 | regarding some missing legal and personal property. The state court judge ordered Warden
9 | Hedgpeth and Warden Harrington to locate plaintiff's property. Eventually plaintiff's property
10 | card from Salinas Valley State Prison ("SVSP") was submitted to the state court, stating that
11 | petitioner had received all of his property. On July 30, 2010, defendants Warden Hedgpeth and
12 | SVSP Correctional Sergeant B. Jansen wrote a memorandum, the contents of which plaintiff
13 | does not specify. On September 12, 2010, B. Jansen received all ten boxes of plaintiff's property
14 | but instructed the staff to only issue three boxes of the personal property to plaintiff and not tell
15 | plaintiff that "they" had the seven boxes containing plaintiff's legal property. On some
16 | unspecified date thereafter, plaintiff's federal habeas petition filed in a different district was
17 | denied.

18 |     On January 3, 2014, plaintiff requested the litigation office at SVSP to preserve his
19 | documents received at SVSP. On March 28, 2014, defendant Correctional Officer Silva was
20 | instructed to transfer the 7 boxes of plaintiff's legal property to the California Substance Abuse
21 | Treatment Facility, plaintiff's current place of incarceration.

22 |     At some point, plaintiff learned that SVSP had taken possession of these 7 boxes of legal
23 | property on September 9, 2010, but never notified plaintiff or the state court. Plaintiff alleges
24 | that in 2012, defendant B. Jansen lied in two responses to interrogatories in an unspecified
25 | lawsuit.

26 |     To the extent plaintiff is attempting to raise a due process claim, the facts alleged do not
27 | support such a claim. Here, plaintiff alleges that once the prison received plaintiff's ten boxes of
28 | property, B. Jansen intentionally did not issue seven out the ten boxes to plaintiff, and instructed

1 || his staff not to inform plaintiff that the prison possessed those seven boxes. Ordinarily, due
2 || process of law requires notice and an opportunity for some kind of hearing prior to the
3 || deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*,
4 || 436 U.S. 1, 19 (1978). However, the intentional deprivation of property does not state a due
5 || process claim under Section 1983 if the deprivation was unauthorized, and a meaningful post-
6 || deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("we hold that
7 || an unauthorized intentional deprivation of property by a state employee does not constitute a
8 || violation of the procedural requirements of the Due Process Clause of the Fourteenth
9 || Amendment if a meaningful postdeprivation remedy for the loss is available"). This is because
10 || "[t]he state can [not] anticipate and control in advance the random and unauthorized intentional
11 || conduct of its employees," making pre-deprivation procedures impracticable. *Id.* Here, the
12 || availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief
13 || because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128
14 || (1990) (where state cannot foresee deprivation, a statutory provision for post-deprivation hearing
15 || or common law tort remedy for erroneous deprivation satisfies due process). California state tort
16 || law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813,
17 || 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, to the extent plaintiff is
18 || asserting a due process claim, it is DISMISSED with prejudice.

19 ||     Plaintiff's complaint is deficient. Plaintiff has not provided the court with sufficient
20 || information necessary to determine what plaintiff's claim for relief is against any defendant.
21 || "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to
22 || provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions,
23 || and a formulaic recitation of the elements of a cause of action will not do. . . . Factual
24 || allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*
25 || *Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be
26 || dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its
27 || face." *Id.* at 570. Plaintiff must allege that: (1) that a right secured by the Constitution or laws
28 || of the United States was violated, and (2) that the alleged deprivation was committed by one

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Hearns482dwla.wpd    3

1  acting under the color of state law. *See West*, 487 U.S. at 48.

2        Plaintiff will be granted leave to amend to allege specifics. In his amended complaint, he
3  must establish legal liability of each person for the claimed violation of his rights. Liability may
4  be imposed on an individual defendant under section 1983 if the plaintiff can show that the
5  defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*,
6  844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the
7  meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or
8  omits to perform an act which he is legally required to do, that causes the deprivation of which
9  the plaintiff complains. *Id.* at 633. Sweeping conclusory allegations will not suffice; plaintiff
10  must instead "set forth specific facts as to each individual defendant's" deprivation of protected
11  rights. *Id.* at 634.

12        Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will
13  be provided with thirty days in which to correct the deficiencies in his complaint as stated above.

14  **CONCLUSION**

15        For the foregoing reasons, the Court hereby orders as follows:

16      1.    Plaintiff's complaint is DISMISSED with leave to amend.

17      2.    If plaintiff can cure the pleading deficiencies described above, he shall file an
18  AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
19  complaint must include the caption and civil case number used in this order (C 14-4482 LHK
20  (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must
21  indicate which specific, named defendant(s) was involved in each cause of action, what each
22  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
23  Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an
24  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
25  demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**
26  **amended complaint within thirty days and in accordance with this order will result in a**
27  **finding that further leave to amend would be futile, and this action will be dismissed.**

28      3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

1     "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

2     in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3     Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

4     *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5          4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6     court informed of any change of address by filing a separate paper with the Clerk headed "Notice

7     of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

8     do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

9     of Civil Procedure 41(b).

10         IT IS SO ORDERED.

11     DATED: 1/26/15

                                 Lucy H. Koh

12                              LUCY H. KOH

                             United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28