

FILED

AUG 20 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS, ) | No. C 14-4482 LHK (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| A. HEDGPETH, et al., ) | |
| Defendants. ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. After an initial review, the court dismissed the complaint with leave to amend. As directed, plaintiff has filed a first amended complaint. For the reasons stated below, the court dismisses the amended complaint.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal
P:\PRO-SE\LHK\CR.14\Hearns482dis.wpd

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Allegations

    1.  Plaintiff's federal habeas petition in the Central District of California

According to the amended complaint, on June 5, 2009, plaintiff filed a federal habeas petition in *Hearns v. Harrington*, No. 09-4030 JHN (OP) (C.D. Cal. filed June 5, 2009) ("*Hearns I*").[1] On June 10, 2009, the court in *Hearns I* issued an order to show cause why the petition should not be dismissed as untimely. On September 22, 2009, after plaintiff filed his response to the order to show cause, the court issued a report and recommendation dismissing the case with prejudice because it was untimely. After judgment was entered thereafter, on November 9, 2009, the judgment was set aside because the parties had not had an opportunity to respond to the report and recommendation. (*Hearns I*, Docket No. 9.) On November 20, 2009, the court issued a report and recommendation dismissing the case with prejudice because it was untimely. (*Id.*, Docket No. 10.) On December 21, 2009, plaintiff filed objections. (*Id.*, Docket No. 14.) On January 14, 2010, the court adopted the report and recommendation, entered judgment, and denied a certificate of appealability. (*Id.*, Docket Nos. 15-17.)

After plaintiff filed his objections in *Hearns I*, but before the court entered judgment, on December 28, 2009, plaintiff turned over seven boxes of legal material, all marked "legal material," to prison officials at Kern Valley State Prison ("KVSP") for transfer to Salinas Valley State Prison ("SVSP"), where plaintiff was to be housed. The following day, plaintiff arrived at SVSP and was told by Correctional Officer Halderman that none of the legal boxes had been

---

[1] The court *sua sponte* takes judicial notice of the pleadings in *Hearns I*. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (recognizing that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted).

transferred to SVSP. Plaintiff informed Correctional Officer Halderman that plaintiff had a legal deadline coming up, and that he needed those boxes.

Plaintiff filed an administrative grievance ("602") requesting immediate delivery of the legal boxes. On December 31, 2009, defendant Warden Hedgpeth rejected plaintiff's 602, and instructed plaintiff to submit it via mail to KVSP, from where plaintiff's boxes originated. KVSP rejected plaintiff's 602.

2. Plaintiff's state habeas petition in Kern County Superior Court

On March 11, 2010, plaintiff filed a state habeas petition in Kern County Superior Court. On May 12, 2010, the Superior Court directed Warden Hedgpeth to locate plaintiff's property. On June 21, 2010, plaintiff spoke with defendant Sgt. Jensen about the missing legal boxes and informed Sgt. Jensen that because he was without his legal materials, *Hearns I* had been dismissed. On July 27, 2010, Warden Hedgpeth and Sgt. Jensen reported to the Superior Court that plaintiff had received 10 boxes of property between January 6, 2010, and January 13, 2010.

On September 12, 2010, plaintiff asked an SVSP prison official whether his seven legal boxes had arrived yet, and was told that none had been received per Sgt. Jensen. On May 13, 2011, plaintiff filed a civil lawsuit in Superior Court against Warden Hedgpeth and Sgt. Jensen.

On January 1, 2012, Warden Hedgpeth ordered the closure of facility law libraries to inmates unless an inmate could show that he was a party in a current court case with an impending court-ordered deadline. On March 14, 2012, plaintiff submitted a form requesting priority legal user status for the law library, but his request was denied because plaintiff did not qualify for such status.

On November 19, 2012, the Superior Court ordered plaintiff to amend his complaint. On February 1, 2013, plaintiff gave an amended complaint to Correctional Officer Swangler for mailing to the Superior Court. On March 14, 2013, plaintiff was informed by the Superior Court that his amended complaint never arrived. Plaintiff explained to the Superior Court that he had delivered his amended complaint to prison staff over a month before, but the Superior Court still dismissed the case for failure to comply.

On May 5, 2014, plaintiff received copies of the prison form describing the inventory and

transportation of plaintiff's legal boxes. It showed a September 9, 2012 record of inventory and storage by Sgt. Jensen, presumably meaning that SVSP received all of plaintiff's materials on September 9, 2012.[2]

C.   Plaintiff's federal complaint

On October 7, 2014, plaintiff filed a federal complaint in this case. On January 27, 2015, the court dismissed the complaint with leave to amend. On March 17, 2015, plaintiff filed an amended complaint. Plaintiff's amended federal complaint requests the appointment of counsel to evaluate plaintiff's "legal rights and possible relief in *Hearns I*," and an injunction to allow plaintiff to submit a motion for reconsideration in *Hearns I*.

Again, the court cannot determine what plaintiff's legal claim against either Warden Hedgpeth or Sgt. Jensen is. This court's previous order dismissing plaintiff's complaint with leave to amend already rejected a possible due process claim with prejudice because the facts alleged did not give rise to such a claim.

To the extent plaintiff alleges that defendants denied him access to the courts and ultimately caused the dismissal of *Hearns I*, the facts alleged also do not support such a claim. A prisoner's constitutional right to litigate without interference encompasses the First Amendment right to petition the government by filing civil actions that have a reasonable basis in law or fact. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). This right does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from erecting barriers that impede the right of access of incarcerated persons. *Id.* The Ninth Circuit has held that "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Id.*; *see id.* at 1103-04 (reversing district court and finding cognizable denial of access to courts claim based on prisoner's allegations that he was repeatedly transferred between different facilities in order to hinder his ability to litigate his

---

[2] The court notes that plaintiff alleges that on September 9, 2010, Sgt. Jensen took possession of plaintiff's legal material from a CDCR transport bus sergeant. Plaintiff claims that Sgt. Jensen had the boxes relabelled SVSP LEGAL MATERIAL but did not tell plaintiff about the arrival of the boxes.

Order of Dismissal
P:\PRO-SE\LHK\CR.14\Hearns482dis.wpd            4

pending civil lawsuits, prison officials seized and withheld all of his legal files, and as a result of such actions several of his pending suits were dismissed). Destruction or confiscation of legal work may violate an inmate's right to access to the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

After reviewing plaintiff's amended complaint, the court concludes that plaintiff has not stated a cognizable claim for relief that defendants denied him access to the courts. The pleadings in *Hearns I* clearly establish that plaintiff was not without his legal boxes until *after* plaintiff had already filed objections to the report and recommendation recommending that plaintiff's federal habeas petition be dismissed as untimely. Moreover, a review of the report and recommendation and order adopting the report and recommendation demonstrates that the district court in *Hearns I* dismissed plaintiff's petition on the basis that it was untimely by more than ten years. In addition, plaintiff's motion to vacate the judgment in *Hearns I* shows that plaintiff did not raise any complaint that he was without his legal materials and thus could not comply with any court order. Thus, plaintiff has not provided any facts to show that he was actually injured when he was without his legal boxes. It is apparent from plaintiff's underlying amended complaint and request for relief that he wishes to re-litigate *Hearns I*. However, a federal civil rights action is not the proper vehicle for such relief.

In addition, the court notes that plaintiff filed a previous federal civil rights case challenging the same underlying events in *Hearns v. Hedgpeth*, No. 13-0633 LHK (N.D. Cal. filed Feb. 13, 2013). In that case, the court dismissed SVSP defendants with prejudice for failure to state a cognizable claim for relief. *Id.*, Docket No. 11. Specifically, the court stated, "Plaintiff's claims against SVSP defendants, liberally construed, merely allege that the SVSP defendants did not affirmatively assist him in preparing his legal papers to show that he did not receive his boxes of legal property from KVSP. This is insufficient to raise an inference demonstrating that SVSP officials erected barriers preventing him from accessing the courts. *See Silva*, 652 F.3d at 1102. Based on the allegations presented, it is beyond doubt that plaintiff can provide no set of facts against the named SVSP defendants in support of his claim which

Order of Dismissal
P:\PRO-SE\LHK\CR.14\Hearns482dis.wpd          5

would entitle him to relief. *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)." *Id.* The court thereafter transferred the rest of the case to the Eastern District of California where the remaining defendants were located.

Even after being given an opportunity to amend, plaintiff has not otherwise alleged that defendants violated a specific constitutional right. The court previously warned plaintiff that in his amended complaint, he was required to state what right he alleges was violated. Plaintiff has not done so, and the court cannot determine, even liberally construed, what constitutional rights plaintiff believes were violated.

## CONCLUSION

Accordingly, plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: 8/19/2015

LUCY H. KOH
United States District Judge